### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,                )
425 Third Street SW, Suite 800       )
Washington, DC 20024,                )
                                     )
                Plaintiff,           )    Civil Action No.:
                                     )
v.                                   )
                                     )
U.S. DEPARTMENT OF JUSTICE,          )
950 Pennsylvania Avenue, NW          )
Washington, DC 20530,                )
                                     )
                Defendant.           )
_____)

### COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.       Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability,

and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530.  Defendant DOJ has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

### A.      *The Criminal Division Request*

5.      On February 19, 2026, Plaintiff submitted a FOIA request to the Department of Justice's Criminal Division, a component of Defendant.  The request included a DOJ-361 certification of identity form signed by Mr. Rudolph William Giuliani and sought access to the following:

> Records and communications concerning Rudolph William Giuliani, Date of Birth May 28 1944, including all investigative, prosecutorial, approval, privilege-review, consultation, and administrative records relating to the search warrants executed on or about April 28 2021 at his residence and office in New York, New York, and any related investigation.
>
> This request specifically includes all search-warrant materials within the Criminal Division's possession or coordination authority, including applications, affidavits, attachments, draft versions, approval memoranda, supervisory or Main Justice approvals, sealed or unsealed versions, and all related communications concerning scope, authorization, or execution.
>
> This request further includes all Criminal Division records relating to authorization, consultation, or coordination of investigative or prosecutorial actions concerning Mr. Giuliani, including attorney-search approvals under Justice Manual § 9-13.420, sensitive or high-profile investigation reviews, Main Justice consultations, warrant authorization review, and coordination with the Federal Bureau of Investigation or the U.S. Attorney's Office for the Southern District of New York.

This request also includes all Criminal Division records concerning privilege review of materials seized from Mr. Giuliani, including taint-team coordination, privilege determinations, scope disputes, and communications with the Department of Justice leadership, the Federal Bureau of Investigation, or any Special Master.

This request includes communications outside formal case files, including emails, memoranda, briefing materials, and messages discussing Mr. Giuliani, the April 2021 searches, or related investigation.

The date range of the request was identified as July 1, 2020 to the present.

6. By letter dated February 27, 2026, the Criminal Division acknowledged receipt of the request on February 19, 2026 and advised Plaintiff that the request had been assigned file number CRM-302410737. The Criminal Division also informed Plaintiff that it had invoked FOIA's 10-day extension of time provision for "unusual circumstances."

8. Plaintiff has received no further response from the Criminal Division regarding this request.

### B. The Executive Office for United States Attorneys Request

9. On February 19, 2026, Plaintiff submitted a FOIA request to the Executive Office for United States Attorneys (EOUSA), another component of Defendant. The request included a DOJ-361 certification of identity form signed by Mr. Rudolph William Giuliani and sought access to the following:

Records and communications of the United States Attorney's Office for the Southern District of New York concerning Rudolph William Giuliani, Date of Birth May 28 1944, including all investigative, prosecutorial, approval, privilege-review, and administrative records relating to the search warrants executed on or about April 28 2021 at his residence and office in New York, New York, and any related investigation.

This request specifically includes all search-warrant materials maintained by or coordinated through the U.S. Attorney's Office for the Southern District of New York, including applications, affidavits, attachments, draft

3

versions, approval memoranda, returns and inventories, sealed or unsealed versions, and all related communications concerning scope, authorization, or execution.

This request further includes all SDNY prosecutorial records relating to investigation or consideration of charges concerning Mr. Giuliani, including prosecution or declination memoranda, charging or non-charging recommendations, investigative summaries, legal analysis, internal prosecutorial communications, and communications with the Federal Bureau of Investigation, the Criminal Division, the National Security Division, or Department of Justice leadership.

This request also includes all SDNY records concerning privilege review of materials seized from Mr. Giuliani, including taint-team coordination, privilege determinations, scope disputes, communications with any Special Master, and limitations on investigative use.

This request includes communications outside formal case files, including emails, memoranda, briefing materials, and messages discussing Mr. Giuliani, the April 2021 searches, or related investigation.

The date range of the request was identified as July 1, 2020 to the present.

10.     By letter dated February 19, 2026, EOUSA acknowledged receipt of the request on February 19, 2026 and advised Plaintiff that the request had been assigned tracking number EOUSA-2026-002207.  It also informed Plaintiff that it had invoked FOIA's 10-day extension of time provision for "unusual circumstances."

11.     Plaintiff has received no further communication from the EOUSA regarding this request.

> C.      *The Federal Bureau of Investigation Request*

12.     On February 19, 2026, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation (FBI), another component of Defendant.  The request included a DOJ-361 certification of identity form signed by Mr. Rudolph William Giuliani and sought access to the following:

> Records and communications concerning Rudolph William Giuliani, Date
> of Birth: May 28 1944, including all investigative, administrative,
> approval, evidentiary, and prosecutorial-support records relating to the
> search warrants executed on or about April 28 2021 at his residence and
> office in New York, New York, and any related investigation.
>
> This request specifically includes all search-warrant materials, including
> applications, affidavits, attachments, returns, property inventories,
> supporting exhibits, draft versions, sealed or unsealed versions, and all
> related approval or coordination records.
>
> This request further includes all FBI record types and forms relating to the
> subject matter, including but not limited to FD-302 reports, FD-1057
> evidence records, FD-597 property receipts, FD-192 investigative
> summaries, FD-340 inserts/subfiles, Electronic Communications (ECs),
> Letterhead Memoranda (LHMs), Sensitive Investigative Matter (SIM)
> approvals, forensic examination or digital extraction reports, chain-of-
> custody records, and all related supervisory, Headquarters, or Department
> of Justice approval or coordination documents.

The date range of the request was identified as June 1, 2020 to the present.

13.    The FBI confirmed receipt of the request by email dated February 19, 2026.

14.    By letter dated March 11, 2026, the FBI acknowledged receipt of the request and advised Plaintiff that the request had been assigned FOIPA Request No. 1725750-000.

15.    Plaintiff has received no further communication from the FBI regarding this request.

### D.    The National Security Division Request

16.    On February 19, 2026, Plaintiff submitted a FOIA request to the National Security Division (NSD), another component of Defendant.  The request included a DOJ-361 certification of identity form signed by Mr. Rudolph William Giuliani and sought access to the following:

> Records and communications concerning Rudolph William Giuliani, Date
> of Birth May 28 1944, including all investigative, national-security,
> foreign-influence, FARA-related, approval, consultation, privilege-review,

and administrative records relating to the search warrants executed on or about April 28 2021 at his residence and office in New York, New York, and any related investigation.

This request specifically includes all search-warrant materials within the National Security Division's possession or consultation authority, including applications, affidavits, attachments, draft versions, approval memoranda, supervisory or Main Justice approvals, sealed or unsealed versions, and all related communications concerning scope, authorization, or execution.

This request further includes all National Security Division records relating to analysis, consultation, or coordination concerning Mr. Giuliani, including any FARA-related analysis, foreign-agent or foreign-influence assessments, counterintelligence or national-security reviews, and coordination with the Federal Bureau of Investigation, the Criminal Division, the Office of the Deputy Attorney General, or the U.S. Attorney's Office for the Southern District of New York.

This request also includes all National Security Division records concerning privilege review of materials seized from Mr. Giuliani, including coordination or consultation regarding taint-team procedures, privilege determinations, scope disputes, or limitations on investigative use involving national-security or foreign-intelligence equities.

This request includes communications outside formal case files, including emails, memoranda, briefing materials, and messages discussing Mr. Giuliani, the April 2021 searches, or related investigation.

The date range of the request was identified as July 1, 2020 to the present.

17.    Plaintiff has received no response from the NSD regarding this request.

### E.    The Office of Information Policy Request

18.    On February 19, 2026, Plaintiff submitted a FOIA request to the Office of Information Policy (OIP), another component of Defendant.  The request included a DOJ-361 certification of identity form signed by Mr. Rudolph William Giuliani and sought access to the following:

Records and communications concerning Rudolph William Giuliani, Date of Birth May 28 1944, including all investigative, prosecutorial, approval, privilege-review, leadership, and administrative records relating to the search warrants executed on or about April 28 2021 at his residence and office in New York, New York, and any related investigation.

This request specifically includes all search-warrant materials, including applications, affidavits, attachments, draft versions, approval memoranda, supervisory or Main Justice approvals, returns and inventories, sealed or unsealed versions, and all related communications concerning scope or execution.

This request further includes all Department of Justice records relating to investigation or prosecutorial consideration of Mr. Giuliani, including prosecution or declination analysis, charging or non-charging recommendations, investigative summaries, legal analysis, communications with the FBI, and communications with the U.S. Attorney's Office for the Southern District of New York.

This request also includes all Department of Justice records concerning privilege review of materials seized from Mr. Giuliani, including taint-team communications, privilege determinations, scope disputes, communications with any Special Master, and limitations on investigative use.

This request includes all Department of Justice records reflecting authorization, approval, consultation, or oversight of investigative steps concerning Mr. Giuliani, including attorney-search approvals under Justice Manual § 9-13.420, Main Justice consultations, National Security Division or Criminal Division involvement, leadership approvals, and sensitive or high-profile investigation reviews.

This request includes communications outside formal case files, including emails, memoranda, briefing materials, and messages discussing Mr. Giuliani, the April 2021 searches, or related investigation.

The date range of the request was identified as July 1, 2020 to the present.

19.    By letter dated February 24, 2026, OIP acknowledged receipt of the request on

February 19, 2026 and advised Plaintiff that the request had been assigned tracking number

7

FOIA-2026-01838.  OIP also informed Plaintiff that it had invoked FOIA's 10-day extension of time provision for "unusual circumstances."

20.     Plaintiff has received no further response from the OIP regarding this request.

21.     As of the date of this Complaint, the Defendant has failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determinations or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determinations; or (iv) produce the requested records or otherwise demonstrate the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

22.     Plaintiff realleges paragraphs 1 through 21 as if fully stated herein.

23.     Defendant is in violation of FOIA.

24.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

25.     Plaintiff has no adequate remedy at law.

26.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FBI request by March 19, 2026, and the Criminal Division request, Executive Office of United States Attorney request, National Security Division request, and Office of Information Policy request by April 2, 2026.  Because Defendant failed to issue a final determination on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 6, 2026

Respectfully submitted,

*/s/  Christina Bobb*
Christina Bobb
D.C. Bar No. 90021326
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: cbobb@judicialwatch.org

*Counsel for Plaintiff*